PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $9,960.00 IN U.S. CURRENCY,<br><br>Defendant. | 2:20-MC-00073-TLN-CKD<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On October 26, 2019, inspectors with the United States Postal Inspection Service ("USPIS") seized approximately $9,960.00 in U.S. Currency (hereafter "defendant currency") during a parcel interdiction at a U.S. Postal facility located in Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about January 10, 2020, USPIS received a claim from Vance asserting an ownership interest in the defendant currency.

3. For the purposes of this settlement only, claimant does not contest the United States' representation that it could show at a forfeiture trial that on October 24, 2019, USPIS conducted a parcel interdiction at the U.S. Postal facility located at 2000 Royal Oaks, Sacramento, California.  During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used

for shipping contraband.  The parcel was addressed to Tunisha Vance ("Vance") at 10783 Fire Island Cir, Stockton, California, with the following return address: Latanisha Chappell ("Chappell"), 108 Fishermen Cove Paradise Rd, Crescent City, Florida.

4. For the purposes of this settlement only, claimant does not contest the United States' representation that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

5. For the purposes of this settlement only, claimant does not contest the United States' representation that it could further show at a forfeiture trial that on October 26, 2019, law enforcement contacted Vance, the intended recipient, to request consent to open the parcel mailed to her.  Vance gave consent to open the parcel and law enforcement discovered $9,960.00 in cash concealed within a shirt.  Inspectors called Vance to inform her of their findings.  Vance stated that the parcel should contain money from Chappell who is a cousin of a cousin.  Vance stated that Chappell and her husband rent from her a home in Crescent City, Florida and that Chappell was repaying money loaned to them by Vance so they could remodel the house.  Vance stated the house was on Rocket Lane but could not give an exact address for the house.  Inspectors contacted Chappell who stated that the money was a down payment for a house in Crescent City, Florida, located on Rocket Lane.  Chappell could not provide an exact address for the house, and stated she believed it was a two- or three-bedroom residence.  The currency consisted mainly of $20 bills, making up $9,800.00 of the $9,960.00.  The parcel did not contain any notes, receipts, or instructions.

6. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained in this stipulation, Vance, specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Vance agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Vance hereby acknowledges that she is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

11. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

12. Upon entry of this Consent Judgment of Forfeiture, $3,984.00 of the Approximately $9,960.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

13. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $5,976.00 of the Approximately $9,960.00 in U.S. Currency shall be returned to claimant Tunisha Vance through her attorney Jacek W. Lentz.

14. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Vance waived the provisions of California Civil Code § 1542.

15. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

16. All parties will bear their own costs and attorney's fees.

17. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court

enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

    IT IS SO ORDERED.

DATED: November 17, 2021

_____
Troy L. Nunley
United States District Judge